SHIVERS, Chief Judge.
Appellant/defendant appeals his conviction for kidnapping, armed robbery, and sexual battery in Case No. 88-4546, alleging that the trial court erred in denying his demand for a statement of particulars. Appellant also appeals the sentence imposed upon violation of probation in Case No. 85-4366. We affirm in part, reverse in part, and remand.
According to the record on appeal, defense counsel filed a motion prior to trial in Case No. 88-4546 asking the trial court to order the State to produce a statement of particulars setting forth “as definitely as possible the time and the date of the offenses.” Defense counsel indicated in the *456 motion that the information was needed in order for him to present an alibi defense. The motion was denied, appellant proceeded to trial presenting an alibi of defense through the testimony of three witnesses, and was found guilty as charged.
On appeal, appellant alleges that the trial court’s denial of his demand for a statement of particulars caused him to not be entitled to Standard Jury Instruction No. 3.02 directing the jury that “the state must prove that the crime was committed [date] [time] [place].” However, the transcript of the trial contained in the record on appeal indicates that defense counsel neither requested Jury Instruction 3.02 nor objected to its absence at trial. Further, the transcript of the hearing on appellant’s motion for statement of particulars indicates that defense counsel never raised this argument before the trial court. We therefore affirm the denial of the motion for statement of .particulars, finding that the error alleged by appellant was not properly preserved for appellate review.
Appellant also alleges that the trial court erred in imposing a sentence of five years incarceration in Case No. 85-4366, after finding appellant to have violated probation in that case by virtue of his conviction in Case No. 88-4546. We agree that the sentence was improper, and reverse for resentencing. The judgment in Case No. 85-4366 reflects that appellant was originally placed on probation in that case after pleading nolo contendere to misdemeanor petit theft, an offense punishable by no more than one year of incarceration. Upon violation of probation, however, the trial court erroneously sentenced appellant to five years for grand theft. We therefore reverse the sentence imposed in Case No. 85-4366 with instructions that the trial court correct the sentence to reflect appellant’s original misdemeanor offense. As noted by the State, the correction will have no effect on the overall sentence, since appellant was sentenced in three other cases to five year terms of imprisonment for violation of probation, to run concurrent to each other and to the three concurrent life sentences imposed in Case No. 88-4546.
Accordingly, we affirm in part, reverse in part, and remand for resentencing.
JOANOS and ZEHMER, JJ., concur.